UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| ARTHUR WHITE and PATRICIA WHITE, | § § § |  |
|---|---|---|
| Plaintiffs, | § § |  |
| v. | § § | CIVIL ACTION NO. 3:20-CV-0197-B |
| MICHAEL BURGER and LANDSTAR INWAY, INC., | § § § § |  |
| Defendants. | § |  |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Transfer Case (Doc. 5). For the reasons that follow, the Court **GRANTS** the motion and **TRANSFERS** the case to the Eastern District of Texas, Sherman Division.

### I.

Under 28 U.S.C. § 1391, there are three types of judicial districts that have proper venue:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)–(3).

In its attempt to avoid transfer, the Whites argue that "Defendant[s] ha[ve] not established that the Eastern District is more convenient" of a venue under 28 U.S.C. § 1404(a). Doc. 9, Pl.'s Resp., 1–2. However, § 1404(a) "permits a district court to transfer any civil action *brought in a proper judicial district* to any other district where the case could have been brought," under certain circumstances. *Kilgore v. FedEx Packaging Sys.*, 2011 WL 5563427, at *2 (S.D. Tex. Nov. 15, 2011) (emphasis in original).

Here, because venue is not proper under § 1391, § 1404(a) does not apply. Because at least one defendant is not a resident of Texas—specifically Michael Burger, who is a resident of Illinois, see Doc. 1, Compl., 1—§ 1391(b)(1) does not confer proper venue in any judicial district in Texas.[1] *See Quigley v. Kroger Co.*, 2016 WL 9504323, at *1 (N.D. Tex. Nov. 16, 2016) (clarifying that subsection (b)(1) confers venue "*if all defendants are residents of the State in which the district is located*") (emphasis in original) quoting 28 U.S.C. § 1391(b)(1))). Additionally, neither the Whites' complaint nor their response to Defendants' motion allege that a "substantial part of the events or omissions giving rise to the claim occurred" in the Northern District of Texas. *See* 28 U.S.C. § 1391(b)(2); Doc. 1, Compl.; Doc. 9, Pl.'s Resp. And finally, because, as will be discussed below, venue is proper in the Eastern District of Texas, Sherman Division, § 1391(b)(3) does not apply. *See Kilgore*, 2011

---

[1]Defendants argue that Defendant Landstar Inway, Inc. "is a foreign corporation with its principal place of business in Jacksonville, Florida," and not a resident of Texas. Doc. 5, Defs.' Mot., 1. But, for the purposes of the venue statute, a corporation's residency is where the court has "personal jurisdiction with respect to the civil action in question . . . ." § 1391(c)(2). However, because at least one defendant—Michael Burger—is not a resident of Texas, the Court need not determine Defendant Landstar's residency for the purposes of this analysis.

WL 5563427, at *2 ("And because venue is proper in the Central District of Illinois under § 1391(a)(2), § 1391(a)(3) does not apply.").[2]

Thus, venue is improper in this Court. Defendants' motion to transfer is governed by 28 U.S.C. § 1406(a), which states that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

"A district where a lawsuit 'might have been brought' is one in which the court would have had subject matter jurisdiction, the defendants would have been subject to personal jurisdiction, and venue would be proper." *Shull v. United Barge Lines*, 2010 WL 745006, at *5 n.5 (E.D. La. Feb. 26, 2010) (citing *Hoffman v. Blaski*, 363 U.S. 335 (1960)).

First, Defendants do not object that they are subject to personal jurisdiction in Texas. *See generally* Doc. 5, Defs.' Mot. Additionally, because the parties are diverse and the amount-in-controversy requirement is met, the Eastern District of Texas would have subject-matter jurisdiction over this case.

Next, the Court must determine whether venue is proper in the Eastern District of Texas, Sherman Division. The complaint alleges that the car accident, and the alleged negligence leading up to the accident, at issue in this case occurred in Denton County, Texas. *See* Doc. 1, Compl., 2. Thus, "a substantial part of the events or omissions giving rise to the claim occurred" in Denton County, Texas. 28 U.S.C. § 1391 (b)(2); *see also Kilgore*, 2011 WL 5563427, at *2 (collecting cases) (explaining that because the car accident, and the prior negligence alleged to have caused the

---

[2] Although *Kilgore* refers to subsection (a), it is clear from the context of the case that the court meant to refer to subsection (b).

accident, occurred in the Central District of Illinois, that district was the "judicial district in which a substantial part of the events . . . giving rise to the claim occurred" (quoting § 1391(b)(2))). Here, because Denton County, Texas is in the Eastern District of Texas, Sherman Division, that judicial district is a proper judicial district under § 1391(b)(2).

In sum, the Eastern District of Texas, Sherman Division is a proper venue for the Whites' lawsuit. The Whites' claim "could have been brought" there. *See* 28 U.S.C. § 1406(a). Moreover, the complaint does not allege that any "events or omissions" took place in the Northern District of Texas. *See* 28 U.S.C. § 1391(b)(2). Accordingly, this case is hereby **TRANSFERRED** to the United States District Court for the Eastern District of Texas, Sherman Division.

## II.

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Transfer Venue (Doc. 5). The Court hereby **ORDERS** that this case be **TRANSFERRED** to the United States District Court for the Eastern District of Texas, Sherman Division.

**SO ORDERED.**

**SIGNED: March 26, 2020**.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE